**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| JEFFREY M. BELLO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No. 20-01218 (RBK/KMW) |
| v. | : | |
| | : | **OPINION** |
| CAPITAL ONE BANK (USA) N.A., | : | |
| CAPITAL ONE FINANCIAL CORP. | : | |
| | : | |
| Defendants. | : | |
| | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on *pro se* Plaintiff Jeffrey M. Bello's Complaint (Doc. No. 1 ("Compl.")) and application to proceed *in forma pauperis* ("IFP") (Doc. No. 1-1). Plaintiff contends that Defendants Capital One Bank (USA), N.A. and Capital One Financial Corp. (collectively, "Capital One") falsely reported him as being late on his credit card payments and charged him an excessive rate of interest. The Court has already granted Plaintiff's application to proceed IFP (Doc. No. 2), but pursuant to 28 U.S.C. § 1915(e)(2) must now screen the Complaint to determine whether Plaintiff's action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is **DISMISSED IN PART** without prejudice.

I.      **BACKGROUND**

In August 2006, Plaintiff opened a credit card account with Capital One for personal and business use.[1] By early 2013, he had paid off the balance, and then did not use the card frequently. In January 2016, Plaintiff contacted Capital One and notified them that he was no longer using the card for business, and Capital One advised him that the card had been converted to a purely personal card.

In November 2017, Plaintiff failed to pay his credit card bill on time. Approximately seventy-two hours after the payment was past due, Capital One doubled the billing interest rate, such that it was in excess of 30%. In January 2018, Plaintiff spoke with a Capital One supervisor, who informed him that if he got his payments up to date Capital One could address his interest rate issue. Plaintiff then made his November, December, and January credit card payments, but Capital One did not adjust the interest rate. Instead, Capital One instructed Plaintiff to continue making timely payments. Plaintiff followed this instruction, but Capital One did not lower the interest rate until fall 2018, and the issue was not fully resolved until some point in 2019.

Apart from the November 2017 payment, Plaintiff timely made all payments on his Capital One credit card. Nevertheless, from February 2018 through February 2019, Capital One reported to the "three major credit bureaus" that Plaintiff was late in making his payments, adversely affecting Plaintiff's credit. Capital One also billed and called Plaintiff for debts that he did not owe. Plaintiff disputed all of Capital One's actions with the credit bureaus, but Capital One refused to correct its errors.

Plaintiff filed his Complaint on February 4, 2020. Although Plaintiff does not identify any particular causes of action, he states that the bases for his claims are Capital One's false credit reporting and its excessive interest rates and fees.

---

[1] These facts are presented as alleged in Plaintiff's Complaint. (Compl. at 3–4).

## II. LEGAL STANDARD

District courts must review IFP complaints and *sua sponte* dismiss any action or appeal that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Whether a complaint should be dismissed under § 1915 because it fails to state a claim is assessed under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Rhodes v. Maryland Judiciary*, 546 F. App'x 91, 93 (3d Cir. 2013).

When evaluating a 12(b)(6) motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

As Plaintiff is proceeding *pro se*, the Court is mindful of its "duty to construe [the] pleadings liberally and apply the applicable law, irrespective of whether [plaintiff has] mentioned

it by name." *Rose v. Ortiz*, No. 14-1738, 2015 WL 9216589, at *1 (D.N.J. Dec. 16, 2015) (citing

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

## III.    DISCUSSION

Construing Plaintiff's Complaint liberally, the Court finds that Plaintiff seeks to invoke

two consumer protection statutes: (1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681

*et seq.*; and (2) the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, as amended by the Credit

CARD Act of 2009.[2] Ultimately, the Court concludes that Plaintiff's FCRA claims must be

dismissed without prejudice, while his Credit CARD Act claims survive Section 1915(e)(2)

screening.

### A.  FCRA

FCRA regulates the conduct not only of consumer reporting agencies ("CRAs"), but also

of the banks, lenders, and other entities that furnish CRAs with consumer information. *Seamans v.*

*Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). Under 15 U.S.C. § 1681i(a)(2), when a consumer

disputes information in her credit report, the CRA must notify the furnisher of the disputed

information. And under Section § 1681s–2(b)(1), once the furnisher receives notice of the dispute

from the CRA, it must:

(A) conduct an investigation with respect to the disputed information;

---

[2] The Complaint alleges that Capital One billed and called Plaintiff for debts he did not owe. This allegation is suggestive of a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Several provisions of the FDCPA could apply to this situation, including 15 U.S.C. § 1692e(2)(A), which prohibits debt collectors from falsely representing "the character, amount, or legal status of any debt." But despite raising the specter of the FDCPA, this allegation is too conclusory to state a claim. *See Richardson v. NES Georgia Inc-TRM*, No. 18-16407, 2019 WL 1379885, at *3 (D.N.J. Mar. 27, 2019) (dismissing FDCPA claim as conclusory where complaint merely alleged that "Defendants [sic] conduct violated 15 U.S.C. § 1692e(2)(A) in that Defendants may not falsely represent the character, amount, or legal status of any debt"). If Plaintiff wishes to state a FDCPA claim, he may attempt to do so by amending his Complaint to provide more detailed factual allegations concerning Capital One's efforts to collect his debt.

(B) review all relevant information provided by the consumer reporting agency pursuant to

   section 1681i(a)(2) . . .;

(C) report the results of the investigation to the [CRA];

(D) if the investigation finds that the information is incomplete or inaccurate, report those

   results to all other consumer reporting agencies to which the person furnished the

   information and that compile and maintain files on consumers on a nationwide basis;

   and

(E) if an item of information disputed by a consumer is found to be inaccurate or

   incomplete or cannot be verified after any reinvestigation . . . for purposes of reporting

   to a [CRA] only, as appropriate, based on the results of the reinvestigation promptly—

       (i)      modify that item of information;

       (ii)     delete that item of information; or

       (iii)    permanently block the reporting of that item of information.

Furnishers are required to follow "reasonable procedures" when investigating disputed information, meaning procedures "that a reasonably prudent person would undertake under the circumstances." *Seamans*, 744 F.3d at 864 (internal quotation marks omitted) (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010)). Private individuals may challenge willful noncompliance with Section 1681s–2(b) through 15 U.S.C. § 1681n, and negligent noncompliance through 15 U.S.C. § 1681*o*. *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011); *see also Berkery v. Verizon Comms. Inc*, 658 F. App'x 172, 175 (3d Cir. 2016) (explaining that "[t]he FCRA allows for a private cause of action for the failure to investigate credit-reporting discrepancies based on the following duties: (1) the consumer must inform the credit agency that he disputes the information that the furnisher provided; (2) the credit agency must then notify the

furnisher of the information about the consumer's dispute; and (3) the furnisher must conduct a reasonable investigation with respect to the disputed information").

Plaintiffs pursuing a Section 1681s–2(b) claim must allege that they "(1) sent notice of disputed information to a [CRA], (2) the [CRA] then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Hill v. Burgeon Legal Grp., Ltd. Co.*, No. 19-12783, 2020 WL 114008, at *2 (D.N.J. Jan. 10, 2020) (internal quotation omitted). Plaintiff has alleged that Capital One falsely reported to the three major credit bureaus that he was late in making his credit card payments, that he notified the credit bureaus that this information was false, and that Capital One did nothing in response. While these allegations contain the beginning and end of a Section 1681s–2(c) claim, they do not provide the necessary middle, as Plaintiff does not allege that the credit bureaus reported the dispute to Capital One, and that Capital One failed to undertake a reasonable investigation. *See Berkery*, 658 F. App'x at 175 (affirming dismissal of Section 1681s–2(b) claim that did not allege that credit agencies reported dispute to furnisher, and that furnisher failed to undertake investigation). Further, Plaintiff does not offer any details about the complaints he filed with the credit bureaus. *See Gittens v. Sterling Jewelers Inc.*, No. 15-5872, 2016 WL 828098, at *2 (D.N.J. Feb. 29, 2016) (dismissing Section 1681s–2(b) claim filed by *pro se* litigant who do not explain "who, when, or to whom" he reported the false information in his credit report). As such, Plaintiff's Complaint does not allege sufficient facts to state a claim under FCRA, even construed liberally, and thus the claim will be dismissed without prejudice.

## B. Credit CARD Act

The Credit CARD Act amended the Truth in Lending Act "to establish fair and transparent practices relating to the extension of credit under an open end consumer credit plan." Credit Card

Accountability Responsibility and Disclosure Act of 2009, Pub. L. No. 111-24, 123 Stat. 1734 (2009). Two provision of the Credit CARD Act apply here, 15 U.S.C. § 1666i–1(a) and 15 U.S.C. § 1637(i)(1).

With respect to credit card accounts under open end consumer credit plans, Section 1666i–1(a) provides that creditors may not "increase any annual percentage rate, fee, or finance charge applicable to any outstanding balance." 15 U.S.C. § 1666i–1(a). Plaintiff's Complaint appears to claim that Capital One doubled the billing interest rate on the outstanding balance on his account seventy-two hours after his November 2017 payment was past due. As such, the Complaint establishes the basic elements of a Section 1666i–1(a) violation.

There are four exceptions to Section 1666i–1(a)'s general prohibition, set forth in Section 1666i–1(b). Generally speaking, these exceptions permit creditors to increase the billing rate on an outstanding balance if: (1) the increase comes "upon the expiration of a specified period of time"; (2) the increase is "in accordance with a credit card agreement" that pegs the rate to a publicly available index; (3) the increase relates to the completion of or failure to comply with a "workout or temporary hardship arrangement"; or (4) the increase is "due solely to the fact that a minimum payment by the obligor has not been received by the creditor within 60 days after the due date for such payment." 15 U.S.C. § 1666i–1(b). Although the circumstances suggest that Capital One increased Plaintiff's interest rate due to his failure to make a timely payment, Capital One was not entitled to level such an increase under the Section 1666i–1(b)(4) exception because the increase came a mere seventy-two hours after the payment was past due, not sixty days.

By contrast, Plaintiff's allegations do not foreclose application of the other three statutory exceptions. But it is not Plaintiff's responsibility to foreclose them; rather, it will be up to Capital One to establish that one of these exceptions applies. *See United States v. Columbus Country Club*,

915 F.2d 877, 882 (3d Cir. 1990) (explaining that "[u]nder general principles of statutory construction, one who claims the benefit of an exception from the prohibition of a statute has the burden of proving that his claim comes within the exception" (internal quotation omitted)); *United States v. First City Nat'l Bank*, 386 U.S. 361, 366 (1967) (same); *see also Jones v. Bock*, 549 U.S. 199, 216 (2007) (noting that Federal Rule of Civil Procedure 8(a) does not require plaintiffs to plead around affirmative defenses). Consequently, Plaintiff's claim under Section 1666i–1(a) is sufficient to survive Section 1915(e)(2) screening.

Section 1637(i)(1) complements Section 1666i–1(a) by mandating that creditors provide notice forty-five days before increasing the annual percentage rate on a credit card account, unless the increase was pursuant to Section 1666i–1(b)(1), (2), or (3). The Complaint alleges that Capital One raised the interest rate on Plaintiff's credit card without providing any notice, and again it is up to Capital One to show that a statutory exception applies. As such, the Complaint also adequately states a claim under Section 1637(i)(1).[3]

## IV.    CONCLUSION

---

[3] Plaintiff's claims under the Credit CARD Act are subject to the Truth in Lending Act's one-year statute of limitations. 15 U.S.C. § 1640(e). Although the Complaint does not provide a precise timeline, it appears that Capital One raised Plaintiff's interest rate in late 2017 or early 2018—in any event, more than one year before Plaintiff filed his Complaint on February 4, 2020. "Although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required." *Webb v. Perkiomen Sch.*, 349 F. App'x 675, 676 (3d Cir. 2009). But in this case there are at least two areas where the Court believes further factual development would be useful. First, Plaintiff's allegation that the issue with his interest rate was not resolved until 2019 suggests that there may be some dispute as to the exact date Plaintiff's claims accrued. Second, the Complaint's reference to Capital One calling Plaintiff for debts that were not owed suggest that Plaintiff may be eligible for equitable tolling. *See Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 505 (3d Cir. 1998) (holding that the Truth in Lending Act's statute of limitations is subject to equitable tolling); *Miller v. Burt*, 765 F. App'x 834, 839 (3d Cir. 2019) (noting that equitable tolling is available "(1) if the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, (2) if the plaintiff in some extraordinary way has been prevented from asserting his or her rights, or (3) if the plaintiff has timely asserted his or her rights mistakenly in the wrong forum" (internal quotation omitted)). Given these uncertainties, the Court believes the best course is allow the Complaint to survive 1915(e)(2) screening and thereby give the parties the opportunity to address these issues.

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED IN PART** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2), such that only Plaintiff's claims under the Credit CARD Act survive. An Order follows.


Dated: 02/13/2020                                                        /s/ Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge