<u>NOT FOR PUBLICATION</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| JEFFREY M. BELLO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No. 20-1218 (RBK/KMW) |
| v. | : | |
| | : | **OPINION** |
| CAPITAL ONE BANK, | : | |
| | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

Presently before the Court is Plaintiff Jeffrey Bello's motion to amend the complaint (Doc. No. 23) pursuant to Rule 15(a)(2). For the reasons set forth below, Plaintiff's Motion is **DENIED** in part with prejudice and in part without.

## I.   BACKGROUND

### A.  Factual Background[1]

In August of 2006, Jeffrey Bello opened a joint account with Capital One for personal and business use. (Doc. No. 23-2, Pro. Am. Compl. at 3). Nearly ten years later, Mr. Bello notified Capital One that he was no longer using the card for business purposes, and Capital One advised him that the card had been converted to a purely personal card. (*Id.*). Around November of 2017, Mr. Bello fell behind on his payments for multiple credit card bills, including the one owed to Capital One. (*Id.*). Although all other credit card companies allowed Mr. Bello to pay

---

[1] Because Plaintiff did not use numbered paragraphs in his proposed amended complaint, we cite to page numbers.

his bills a few days late without penalty, Capital One did not. (*Id.*). Instead, it increased his interest rate to 30%. (*Id.*).

In January of 2018, a Capital One supervisor advised Mr. Bello that if he made minimum payments for the months of November and December of 2017 and January 2018, she would help lower the interest rate. (*Id.*). Mr. Bello made these payments, but the interest rate was not lowered until the fall of 2018. (*Id.*).

In April of 2018, Mr. Bello disputed information in his Equifax, Experian, and Trans Union credit reports claiming his account balance with Capital One was incorrect. (*Id.* at 8,18, 27). He received the results of the dispute submitted to Equifax in a report dated June 7, which indicated that the reporting company had been contacted to verify the accuracy of the disputed information and that "[t]he information [he] disputed ha[d] been verified as accurate." (*Id.* at 12). The reports from Experian and Trans Union indicated that Mr. Bello was past due on his monthly payments from February 2018 to January 2019. (*Id.* at 24, 26, 33, 37).

Mr. Bello now claims that Capital One falsely reported past due account status and late payments to the three major credit bureaus from February 2018 to February 2019. (*Id.* at 4). As a result of these false reports, Mr. Bello's credit cards were allegedly deactivated, his credit lines reduced, interest rates increased, and his credit score suffered. (*Id.*). Likewise, Mr. Bello claims that Capital One falsely billed and called him for debts that were not owed. (*Id.*). Lastly, he claims that Capital One refused to correct their incorrect credit reports. (*Id.*).

### B.  Procedural History

On February 4, 2020, Mr. Bello filed a complaint alleging that Capital One falsely reported him as being late on his credit card payments and charged him an excessive interest rate. (*Id.*). After screening the Complaint, we concluded that Mr. Bello was attempting to assert

claims under the Fair Credit Reporting Act and the Truth in Lending act as amended by the Credit CARD Act of 2009. However, because Mr. Bello did not plead sufficient factual allegations to support his FCRA claim, we dismissed it without prejudice to renew. His claim under the Credit CARD Act survived this screening.

Mr. Bello now moves to amend his complaint claiming the deficiencies have been remediated and adding claims for violations of 12 U.S.C. § 86, 15 U.S.C. § 1692, 41 U.S.C. § 6503, and the New Jersey Consumer Fraud Act. (Doc. No. 23). Capital One opposes the motion to amend as being futile. (Doc. No. 24).

## II.   LEGAL STANDARD

### A.   Motion to Amend: Rule 15(a)(2)

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a). Under Rule 15(a)(1), a "party may amend its pleadings once as a matter of course within ... 21 days after serving it, or ... 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) states that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 to ensure that claims will be decided on the merits rather than on technicalities. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Leave to amend under Rule 15 should be denied only in certain circumstances, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or clear futility of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Fed. Deposit Ins. Corp. v. Bathgate*, 27 F.3d 850, 874 (3d Cir. 1994). "'Futility' means that the

3

complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted). In other words, a claim is "futile" if it would not survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.*; *United States v. Sensient Colors, Inc.*, No. 07-1275, 2009 WL 394317, at *3 (D.N.J. Feb. 13, 2009), aff'd, 649 F. Supp. 2d 309 (D.N.J. 2009). Accordingly, "futility" is governed by the same standard as a motion to dismiss.

## III.   DISCUSSION

Mr. Bello claims that the deficiencies identified in his first complaint are remediated because he has attached exhibits and these exhibits also purportedly support his new claims under 12 U.S.C. § 86, 15 U.S.C. § 1692, 41 U.S.C. § 6503, and the New Jersey Consumer Fraud Act. Capital One contends that all of Mr. Bello's claims are not sufficiently pled. We agree with Capital One on all fronts.

### A.  Fair Credit Reporting Act and Fair Debt Collection Practices Act

Mr. Bello alleges Capital One violated the Fair Credit Reporting Act by falsely reporting to the three major credit bureaus that he was late in making his credit card payments and when he disputed these reports, Capital One failed to correct the inaccurate information. Capital One contends that Mr. Bello's proposed amended complaint fails to correct the original deficiencies in the complaint, namely, that there was no allegation indicating the credit bureaus reported the dispute to Capital One and that Capital One failed to undertake a reasonable investigation. Capital One's former point fails to attribute all reasonable inferences to Mr. Bello as the plaintiff but its latter point is correct.

FCRA regulates the conduct not only of consumer reporting agencies ("CRAs"), but also

of the banks, lenders, and other entities that furnish CRAs with consumer information. *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). Under 15 U.S.C. § 1681i(a)(2), when a consumer disputes information in her credit report, the CRA must notify the furnisher of the disputed information. Once the furnisher receives notice of the dispute from the CRA, it must, among other things, investigate the disputed information and report the results of that information to the credit reporting agency. 15 U.S.C. § 1681s–2(b).

These duties are not imposed, however, until the furnisher of information receives notice pursuant to Section 611(a)(2). 15 U.S.C. § 1681i(a)(2); *Dimedio v. HSBC Bank*, No. CIV.08-5521(JBS/KMW), 2009 WL 1796072, at *3 (D.N.J. June 22, 2009). That notice of disputed information must come from a consumer reporting agency, and not the consumer, in order to trigger the requirements of Section 623(b). *Id.* As a result, courts in this district have consistently held that "[t]o state a claim under this section, a plaintiff must plead that '(1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to [reasonably] investigate and modify the inaccurate information.'" *Id.*

Although Mr. Bello has attached many exhibits to the proposed amended complaint, none of them remediate one of the original deficiencies—the failure to allege that Capital One failed to undertake a reasonable investigation. There is simply no allegation in the proposed amended complaint nor any facts that can be extracted from the exhibits that establish Capital One's failure to undertake a reasonable investigation. Nor is this information that would be unavailable to Mr. Bello until discovery as the attached exhibits clearly state "you may request a description of the procedure used to determine the accuracy and completeness of the information" in the report. Thus, even though the attached exhibits raise a plausible inference that the consumer

reporting agency notified Capital One of the disputes, Mr. Bello's FCRA claim is still futile due to the other deficiency. *Berkery v. Verizon Commc'ns Inc*, 658 F. App'x 172, 175 (3d Cir. 2016) (dismissing a FCRA claim because the complaint did contain an allegation that Verizon failed to conduct a reasonable investigation after receiving notice of the dispute).

Mr. Bello's Fair Debt Collection Practices Act claim is also futile because he did not provide any more detailed factual allegations concerning Capital One's efforts to collect his debt. Indeed, the assertion in his original complaint that we found insufficient—"Capital One falsely billed and called [him] for debts that were not owed"—was not changed when Mr. Bello submitted his proposed amended complaint. Therefore, it too is futile. *Ibrahim v. New Jersey Att'y Gen*., No. CV183461KMCLW, 2020 WL 4016017, at *3 (D.N.J. July 14, 2020) (denying leave to amend to a pro se because the proposed amended complaint failed to state a claim); *Wilson v. Zuckerberg*, No. CV 18-3049, 2019 WL 9100307, at *1 n.1 (E.D. Pa. July 10, 2019) (denying the motion to amend because the pro se plaintiff's proposed amended complaint failed to correct the deficiencies in the original complaint).

### B.  12 U.S.C. § 86

Mr. Bello alleges that Defendant Capital One violated 12 U.S.C. § 86 by charging him 31% interest on his account. Defendant Capital One maintains that Mr. Bello's usury claim is futile because there is no allegation in the proposed amended complaint that Capital One is a national banking association nor any indication that the interest rates charged were usurious in violation of Section 85. In response, Mr. Bello contends that Capital One is clearly demarcated as a national association in the proposed amended complaint. He fails to respond, however, to Capital One's other arguments.

12 U.S.C. § 86 sets forth the elements of a usury claim against a national bank. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 9, (2003). It provides:

> The taking, receiving, reserving, or charging a rate of interest greater than is allowed by section 85 of this title, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: *Provided*, That such action is commenced within two years from the time the usurious transaction occurred.

12 U.S.C. § 86. Section 85, in turn, provides that a national banking association may charge interest at a rate: (1) allowed by the laws of the state where the bank is located; or (2) at one percent in excess of the discount rate on ninety-day commercial paper in the federal reserve district where the bank is located, whichever is greater, and no more. *Loatman v. Summit Bank*, No. CIV.A. 95-5258(JBS), 1997 WL 809772, at *5 (D.N.J. Aug. 29, 1997); *see also Kimball v. Nat'l Bank of N. Am.*, N. A., 468 F. Supp. 1069, 1071 (E.D.N.Y. 1979) (concluding the defendant did not charge an interest rate in excess of the maximum allowed because the discount rate at the federal reserve bank of New York was 8.5% and defendant charged one percent higher, 9.5%).

To the extent that Mr. Bello's proposed amended complaint can be read as asserting a claim under 12 U.S.C. § 86, it fails to state a plausible claim for relief. Mr. Bello has not alleged that the interest rate charged by Capital One exceeded the rate allowable under the relevant state's laws or one percent in excess of the discount rate on ninety-day commercial paper in the federal reserve district where Capital One is located. Therefore, this claim will be dismissed without prejudice. *Pruitt v. Wells Fargo Bank, N.A.*, No. CV DKC 15-1308, 2015 WL 9490234, at *5 (D. Md. Dec. 30, 2015) (dismissing a claim under 12 U.S.C. § 86 because the plaintiff did

not allege where Wells Fargo was located or whether the rate charged by it exceeded the rate allowable under the relevant state's laws).

### C.  41 U.S.C. § 6503

Mr. Bello's claim under 41 U.S.C. § 6503 simply does not apply here. 41 U.S.C. § 6503 applies in the case of a "breach or violation of a representation or stipulated included in a contract under Section 6502 of this title." Section 6502, in turn, governs contracts made by *an agency of the United States* for the manufacture or furnishing of materials, supplies, articles, or equipment in an amount exceeding $10,000. 41 U.S.C. § 6502. Even assuming Mr. Bello had sufficiently alleged a contractual relationship between him and Capital One, it is clear that Capital One is not an agency of the United States. As Mr. Bello cannot plead that Capital One is an agency of the United States, this claim is futile.

### D.  New Jersey Consumer Fraud Act

Mr. Bello's proposed amended complaint also attempts to asserts a claim under the New Jersey Consumer Fraud Act ("NJCFA"). Capital One requests that this claim also be dismissed as futile because Mr. Bello has not alleged unlawful conduct as defined by the CFA.

The NJCFA requires a plaintiff to prove three elements: "(1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *CDK Glob., LLC v. Tulley Auto. Grp., Inc*., 489 F. Supp. 3d 282, 310 (D.N.J. 2020). "There are three general categories of unlawful practices under the NJCFA: (1) affirmative acts, (2) knowing omissions, and (3) regulation violations." *Katz v. Ambit Ne., LLC*, No. 320CV01289BRMDEA, 2021 WL 2680184, at *6 (D.N.J. June 29, 2021). When the affirmative act is a misrepresentation, "[t]he misrepresentation has to be one which is material to the transaction . . . made to induce the buyer

to make the purchase." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 607, 691 A.2d 350 (1997). Thus, the "reach of the [CFA] is intended to encompass only consumer oriented commercial transactions involving the marketing and sale of merchandise or services." *Brancato v. Specialized Loan Servicing, LLC*, No. 15CV6780PGSLHG, 2018 WL 2770137, at \*7 (D.N.J. June 8, 2018).

Although Mr. Bello alleges that Capital One misrepresented his account status as past due to the three major credit bureaus from February 2018 to 2019, this alleged misrepresentation does not qualify as unlawful conduct within the meaning of the CFA. The alleged misrepresentation here simply has not occurred in the commercial context that falls within the aegis of the CFA. *Brancato v. Specialized Loan Servicing, LLC*, No. 15CV6780PGSLHG, 2018 WL 2770137, at \*7 (D.N.J. June 8, 2018) (concluding the plaintiff could not bring a CFA claim against the defendant because he never bought any merchandise or real estate from defendant). Accordingly, Mr. Bello's NJCFA claim is also futile.

## IV.    CONCLUSION

For the reasons set forth above, Mr. Bello's motion to amend is denied. An appropriate order follows.


Dated: 8/11/2021                                                    s/ Robert B. Kugler
                                                                    ROBERT B. KUGLER
                                                                    United States District Judge